IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JANET K. JOHNSON,**

    **Plaintiff,**

    v.

    **Civil Action 2:17-cv-915**
    **Judge Michael H. Watson**
    **Magistrate Judge Elizabeth P. Deavers**

**SECRETARY OF VETERANS AFFAIRS,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff Janet K. Johnson's Application to Proceed *In Forma Pauperis*. (ECF No. 1.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Application be **DENIED**.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id.* at 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.* Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the

fee and continue to provide for the necessities of life. *Id*. Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

Here, the information set forth in Plaintiff's *in forma pauperis* application does not demonstrate her inability to pay. Although Plaintiff indicates in her affidavit that she has no monthly income, federal courts have consistently considered "other financial resources" in determining a litigant's ability to pay. *Ciavarella v. Comm'r of Soc. Sec.,* No. 5:13-CV-2031, 2013 WL 5354091 at *1 (N.D. Ohio Sept. 24, 2013). Plaintiff's application reflects that she is single, has no dependents, and holds a significant amount in savings or other accounts. (ECF No. 1 at 2-3.) It does not appear, therefore, that the cost of filing the instant matter is beyond Plaintiff's means. *See Ciavarella*, 2013 WL 5354091 at * 2 (holding that a plaintiff who has monthly liabilities of $4,337.38 and no monthly income is ineligible to proceed *in forma pauperis* based on approximately $10,000 in bank accounts, $25,000 in a 401K account, and property worth $166,000.)

In sum, in view of Plaintiff's income, the Undersigned finds that Plaintiff has not demonstrated that, because of her poverty, she is unable to pay for the costs of this litigation and still provide for herself. It is, therefore, **RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* be **DENIED** and that she be ordered to pay the required $400 filing fee within **FOURTEEN (14) DAYS** if she intends to proceed.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: October 24, 2017                          /s/ *Elizabeth A. Preston Deavers*
                                                                               ELIZABETH A. PRESTON DEAVERS
                                                                               UNITED STATES MAGISTRATE JUDGE